UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOURNAL PUBLISHING COMPANY, INC. | : <br> : <br> : CIVIL ACTION NO. |
| *Plaintiff* | : 3:11-CV-00188 (RNC) <br> : |
| --against-- | : <br> : |
| THE HARTFORD COURANT COMPANY | : <br> : |
| *Defendant.* | : March 28, 2011 <br> : |

### THE HARTFORD COURANT PUBLISHING COMPANY'S
### MOTION TO DISMISS AND/OR STRIKE THE COMPLAINT

NOW COMES Defendant The Hartford Courant Company ("Courant"), to move the Court to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and/or strike the Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  In support thereof, Courant states as follows:

1.  Plaintiff Journal Publishing Company Inc.'s ("Plaintiff") Complaint alleges that Courant published in the *Hartford Courant* news reports based on prior reports contained in the print edition of Plaintiff's *Journal Inquirer*.  The Complaint asserts ten counts (First Count through Tenth Count) of copyright infringement, citing 17 U.S.C. § 101 *et seq.*, against Courant.  The Complaint further alleges a number of instances in which Courant used on its website information previously published by Plaintiff, and asserts (Eleventh Count through Thirteenth Count) claims for conversion and unjust enrichment under state common law, and for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S. § 42-110a, *et seq.*

**ORAL ARGUMENT REQUESTED**

2. As a matter of law, because the only similarities between the parties' works relate to inclusion of the same public domain facts, there is no substantial similarity between Courant's reports and any copyrightable—that is, protectable—aspects of Plaintiff's works and thus there is no infringement. To the extent Courant's published news reports may have incidentally included some protectable aspect of Plaintiff's works, such inclusion constituted non-infringing fair use as a matter of law. As such, Plaintiff's first ten counts fail to state any claim upon which relief may be granted.

3. Additionally, Plaintiff's failure to timely register the copyrights for the works at issue in its First Count through Fifth Count operates as a bar to recovery of both statutory damages and attorney's fees, and Plaintiff's request for such relief should be stricken. *See* 17 U.S.C. § 412. Because Plaintiff does not seek any other relief for these claims, the First Count through Fifth Count fail to state any claim upon which relief may be granted.

4. Plaintiff's Eleventh, Twelfth, and Thirteenth Counts, which assert state law claims for conversion, unjust enrichment, and under CUTPA, each are based upon the alleged unauthorized reproduction and publication of Plaintiff's written works. Because Plaintiff's works are of the type protected by the Copyright Act and because Plaintiff's state law claims seek redress for rights equivalent to those protected by 17 U.S.C. § 106, Plaintiff's state law claims are preempted by the express terms of the federal Copyright Act, 17 U.S.C. § 301.

5. Additionally, Plaintiff's CUTPA claim (Thirteenth Count) fails to state a claim upon which relief may be granted because the Complaint sets forth no facts capable

**ORAL ARGUMENT REQUESTED**

of establishing that Plaintiff suffered an ascertainable loss and does not establish the other elements required to state a claim under CUTPA.

WHEREFORE, for reasons outlined herein, in the Memorandum of Law in Support of The Hartford Court Publishing Company's Motion to Dismiss and/or Strike the Complaint, the accompanying Declaration of Robert Penchina, and any reply memorandum in support hereof or oral argument hereon, Courant respectfully requests that the Court:

A. grant this motion and dismiss and/or strike Plaintiff's Complaint in its entirety with prejudice; and

B. grant such other and further relief as the Court deems just and proper.

Dated: March 28, 2011

    Respectfully submitted,

    LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

    By _____
    Cameron Stracher (Bar No. ct 28146)

    4 North Pasture Road
    Westport, CT 06880
    t: (203) 222-7169; f: (203) 222-7169

    Of Counsel:
    Robert Penchina
    LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
    321 West 44th Street, Suite 510
    New York, NY 10036
    t: (212) 850-6109; f: (212) 850-6299

    *Attorneys for The Hartford Courant Company*

**ORAL ARGUMENT REQUESTED**